**In re M & L BUSINESS MACHINE CO., INC., Debtor.**

**Christine J. JOBIN, Trustee of the Estate of M & L Business Machine Co., Inc., Plaintiff,**

v.

**Peter K. KLOEPFER, Esq., and Robert Joseph, Defendants.**

Civ. A. No. 93–K–356.
Bankruptcy No. 90–15491 CEM.
Adv. No. 92–2185 RJB.

United States District Court,
D. Colorado.

Nov. 2, 1993.

---

Christine J. Jobin, The Jobin Law Firm, Denver, CO, for plaintiff.

Craig A. Weinberg, Stevens, Littman & Biddison, Boulder, CO, for defendants.

Robert G. Joseph, pro se.

ORDER REGARDING MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES INCURRED IN CONNECTION WITH THE DEFENDANT'S MOTION TO COMPEL DISCOVERY

KANE, Senior District Judge.

This matter is before me on the motion of the trustee for the estate of M & L Business Machine Company, Inc., Christine J. Jobin ("Trustee"), for an award of attorney fees in connection with defendant Peter K. Kloepfer's motion to compel discovery. It arises in one of the many adversary proceedings in the M & L Business Machine Company bankruptcy case. For the reasons explained below, I remand the motion to the bankruptcy court.

I. *Procedural History.*

The Trustee commenced this adversary proceeding against Defendants Kloepfer and Robert Joseph, alleging they had received certain preferential, fraudulent and post-petition transfers of estate property. Kloepfer moved to withdraw the reference on February 10, 1993 based on his right to a jury trial. On March 5, 1993, I granted the motion to withdraw the reference and remanded the case to the bankruptcy court for all pretrial procedures in accordance with Judge Matheson's January 8, 1993 order regarding the joint administration of adversary proceedings in the M & L bankruptcy case.

On December 16, 1992, Kloepfer propounded certain interrogatories, requests for admission and requests for the production of documents to the Trustee. On January 23, 1993, the Trustee responded to this discovery. As to three of the requests for admission, Nos. 3, 4 and 5 dealing with Kloepfer's capacity as a private investigator, private lender or broker, the Trustee stated that she was without sufficient knowledge and information to admit or deny the request and therefore denied it. Kloepfer then filed a motion to compel with the bankruptcy court, arguing that this response violated Fed.R.Civ.P. 36(a). Under that rule, a party may not deny a request for admission for lack of knowledge unless the party states that he "has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

On April 28, 1993, the bankruptcy court denied Kloepfer's motion to compel, finding

that the Trustee had properly answered the requests for admissions and accompanying interrogatories. The Trustee then moved for an award of attorney fees under Fed. R.Civ.P. 37(a)(4). The bankruptcy court granted the Trustee's motion on June 28, 1993, finding that Kloepfer's motion to compel was not substantially justified and assessing sanctions of $1,000 against Kloepfer and his attorney.

On July 21, 1993, Kloepfer filed a motion requesting me to review the bankruptcy court's imposition of sanctions. I held a hearing on the motion on August 27, 1993. The same day, however, the Trustee provided me with a copy of the bankruptcy court's August 26, 1993 order vacating its judgment imposing sanctions (and a default judgment entered against Defendant Joseph) as being entered without jurisdiction. Kloepfer then moved to withdraw the motion for review. On September 17, 1993, the Trustee filed the instant motion for the award of attorney fees and costs against Kloepfer.

## II. *Bankruptcy Court's Jurisdiction to Impose Sanctions.*

Because of the somewhat unique procedural posture of this and other adversary proceedings in the M & L bankruptcy case, the parties, and apparently the bankruptcy court itself, are unsure of the bankruptcy court's jurisdiction to rule on pretrial matters. In addition, the parties appear to be confused as to the proper way to seek review of the bankruptcy court's rulings in those adversary proceedings which I remanded to the bankruptcy court for pretrial purposes. I now hope to clarify these matters.

When asked in the hearing to identify my jurisdiction to review the bankruptcy court's sanction order, Kloepfer likened his motion for review to an objection to a magistrate's ruling on a nondispositive matter under Fed.R.Civ.P. 72(a). That analogy is not off-base; in fact, the bankruptcy court itself appears to have drawn the same parallel. While I could have referred this proceeding to a magistrate for pre-trial matters, *see State First Nat'l Bank v. Nix (In re Nix)*, 864 F.2d 1209, 1210–11 (5th Cir. 1989) (reference of core matters to magistrates appropriate in "compelling" circumstances), I did not. Instead, I referred it to the bankruptcy court. Therefore, Rule 72 does not apply. My review is governed by Chapter 6 of Title 28, which defines the relationship between the district courts and the bankruptcy courts.

■■■ Under Title 28, the district court may refer any or all bankruptcy cases or proceedings to the bankruptcy court. 28 U.S.C. § 157(a). Bankruptcy courts are then empowered to hear and determine core proceedings arising in or related to bankruptcy cases, subject to appeal to the district court. *Id.* § 158(b). In non-core proceedings, the bankruptcy court's role is more limited: the bankruptcy court must submit proposed findings of fact and conclusions of law unless the parties otherwise agree. *Id.* § 158(c). Core and non-core proceedings in which there is a right to a jury trial, however, must be heard by the district court, since bankruptcy courts are not empowered to conduct jury trials. *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 391–92 (10th Cir.1990).

■■■ Contrary to the bankruptcy court's view, this does not mean that it is divested of jurisdiction to hear pretrial matters in such cases. Though the Eleventh Amendment right to jury trial must be preserved, the bankruptcy court may still supervise discovery, conduct pre-trial conferences and rule on pending motions notwithstanding a party's valid jury demand and eventual jury trial in district court. *See City Fire Equipment Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D.Ala.1989) (bankruptcy court may hear and determine core proceedings short of jury trial adjudication); *Wedtech Corp. v. Banco Popular de Puerto Rico (In re Wedtech Corp.)*, 94 B.R. 293, 297 (S.D.N.Y. 1988) (defendant's right to jury trial not disturbed by allowing bankruptcy judge to oversee pretrial supervision of case); *cf.*

*Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D.Md.1992) (recognizing same). This also includes the determination of dispositive motions:

> While motions to dismiss and motions for summary judgment may be dispositive, they do not impact the right to a *jury* trial. They merely involve legal issues as to whether *any* trial is necessary. Such motions impact on the right to a *trial* of any type, jury or non-jury. They do not result in the [sic] findings of fact, only a determination that findings of fact are unnecessary because of failure to state a claim upon which relief can be granted, lack of disputed facts, etc. The granting of such motions does not deprive a party of a *right* to a *jury* trial.

*City Fire Equip. Co.*, 125 B.R. at 649.[1]

■ My intent here, in granting Kloepfer's motion to withdraw the reference and remanding this matter to the bankruptcy court, was to permit the bankruptcy court to rule on all pre-trial issues in this and related adversary proceedings in accordance with the procedures it had already established for this complex case. As my orders indicate, once discovery is completed and a pretrial order recommended, the reference is withdrawn and jury trial will be conducted in district court. In the meantime, the bankruptcy court retains jurisdiction over pre-trial matters, including the instant motion for an award of fees and costs in connection with Kloepfer's motion to compel. Any disagreement over its rulings must be treated as an appeal subject to the provisions of Title 28 and the Bankruptcy Rules.

While Kloepfer's dispute over the bankruptcy court's initial award of fees and costs to the Trustee is now moot because the bankruptcy court vacated its order imposing sanctions for lack of jurisdiction, as I hope have made clear, the court did exactly what it was expected to do in ruling on this discovery dispute. Likewise, in the future the bankruptcy court should continue to rule on pretrial matters in those M & L adversary proceedings in which the reference has been withdrawn and the cause remanded to the bankruptcy court for pretrial proceedings.

Accordingly, IT IS ORDERED THAT the Trustee's motion for award of attorneys' fees and expenses incurred in connection with the defendant's motion to compel discovery filed March 5, 1993 is REMANDED to the bankruptcy court, and

IT IS FURTHER ORDERED THAT notice and a copy of this order shall be provided to all parties in interest in adversary proceedings filed the M & L bankruptcy case for which the reference has been withdrawn and the case remanded in accordance with Procedural Order No. 1 for Joint Administration of Pending Adversaries For Purposes of F.R.B.P. 7016, entered on January 8, 1993.

---

1. There is some disagreement whether, in non-core proceedings in which there is a right to a jury trial, the bankruptcy court may rule on dispositive motions. *Compare City Fire Equipment Co.*, 125 B.R. at 650 (no reason to disallow bankruptcy judges from ruling on dispositive motions in non-core proceedings) *with Travelers Ins. Co.*, 135 B.R. at 792 (referral should be limited to nondispositive pretrial matters because district court in any event will conduct de novo review). While judicial economy might mitigate against the bankruptcy court's consideration of dispositive motions, there are no jurisdictional reasons for such a limitation. The bankruptcy court's ruling would still be subject to district court review under 28 U.S.C. § 157(c).