**In re KIRK E. DOUGLAS, INC., Debtor.**

**Andrea S. BERGER, Plaintiff,**

**v.**

**WATROUS & EHLERS, P.C., E. Rick Watrous and Kevin L. Ehlers, Defendants.**

**No. 93–C–747.**

United States District Court, D. Colorado.

July 19, 1994.

Edward Carlstead, Denver, CO, for plaintiff.

Kevin Ehlers, Lakewood, CO, for defendants.

ORDER

CARRIGAN, District Judge.

Bankruptcy trustee Andrea S. Berger commenced an adversary proceeding in the United States Bankruptcy Court for the District of Colorado against various defendants, including Watrous & Ehlers, P.C., Watrous & Ehlers (partnership), E. Rick Watrous, and Kevin L. Ehlers (collectively, Watrous & Ehlers).

On December 15, 1993, this court entered an order administratively closing the action without prejudice pursuant to D.C.Colo.L.R. 41.1A.[1] The trustee, however, contends that she has not settled with Watrous & Ehlers; thus, she has moved to reopen the case. That motion is unopposed and will be granted.

Watrous & Ehlers has moved to withdraw the reference pursuant to 28 U.S.C. § 157(d) and Fed.R.Bankr.P. 5011. The trustee has asked that the court now rule on that motion.

The trustee has asserted claims for fraudulent transfers and conveyances, preferences,

---

1. That rule provides, "A judge may direct the clerk to close a civil action administratively sub- ject to reopening for good cause."

breach of contract, unjust enrichment, breach of fiduciary duty, civil conspiracy, and aiding and abetting. Watrous & Ehlers asserts that it is entitled to have the fraudulent transfer and preferences claims tried before a jury, and that the other claims should be withdrawn as well to avoid multiple trials on the same facts.

The trustee responds that even if Watrous & Ehlers is entitled to a jury trial, it is not necessary for this court immediately to withdraw the reference. She asserts that the reference can be withdrawn when the case is ready for trial if issues then remaining are subject to a right to jury trial.

The United States Supreme Court in *Granfinanciera, S.A. v. Nordberg* held that defendants in fraudulent transfer actions brought by trustees are entitled to jury trials if they have not filed claims against the estate. 492 U.S. 33, 58–59, 64, 109 S.Ct. 2782, 2799, 2802, 106 L.Ed.2d 26 (1989). Here, it is undisputed that Watrous & Ehlers has not filed a claim against the bankruptcy estate. *Granfinanciera,* however, "certainly does not hold that references of such actions must be withdrawn immediately upon jury demand." *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.,* 125 B.R. 645, 646 (N.D.Ala.1989). The bankruptcy court has authority, even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions. *Id.* at 649; *In re M & L Business Machine Co.,* 159 B.R. 932, 935 (D.Colo.1993) (Kane, J.); *In re Delaware & H. Ry.,* 122 B.R. 887, 897 (D.Del.1991); *In re Wedtech Corp.,* 94 B.R. 293, 295 (S.D.N.Y.1988).

I find that judicial economy will be furthered in this case by allowing the reference to stand during the pendency of pretrial proceedings. Additionally, I find that Watrous & Ehlers' right to a jury trial will not be adversely affected by having the bankruptcy court supervise and decide pretrial matters while continuing to anticipate jury trial in the district court of any matters requiring jury trial. Accordingly IT IS ORDERED that:

(1) The trustee's motion to reopen the above-captioned case is granted;

(2) Defendants Watrous & Ehlers, P.C., Watrous & Ehlers (partnership), E.

Rick Watrous, and Kevin L. Ehlers' motion for withdrawal of the reference will be granted, but only if, when the case is ready for trial, there remain issues as to which the parties have a right to trial by jury; and

(3) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.