In re Murray Francis HARDESTY, Debtor.

DISBURSING AGENT OF the MURRAY F. HARDESTY ESTATE, Plaintiff,

v.

Eric W. SEVERSON, Defendant.

Bankruptcy No. 93–41911–11.
Adv. No. 95–7072.
Misc. No. 95–428–SAC.

United States District Court, D. Kansas.

Nov. 29, 1995.

Bruce J. Woner, R. Patrick Riordan, Woner, Glenn, Reeder, Lowry & Girard, Topeka, KS, for Murray F. Hardesty, debtor, Disbursing Agent of Murray F. Hardesty Estate.

Frankie Wendt, Michael E. Waldeck, Niewald, Waldeck & Brown, Kansas City, MO, for Eric W. Severson.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant Eric W. Severson's motion to transfer pursuant to D.Kan.Rule 706[1] and 28 U.S.C. § 157(d). The motion to transfer, along with the bankruptcy court's written recommendation for withdrawal of reference, were transmitted to the clerk of the district court and then assigned to this court. As provided in D.Kan.Rule 706(f), the court shall rule *ex parte* on the motion.

■ The type of withdrawal sought here is discretionary or permissive, not mandatory. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d); *see* D.Kan.Rule 706(a)(6). Section 157(d) permits withdrawal of reference "for cause shown," but it does not define "cause." The courts have considered several factors relevant in deciding if cause exists: (1) is the claim core or non-core; (2) is the claim legal or equitable; and (3) other considerations of judicial efficiency and convenience, prevention of forum shopping, uniform administration of bankruptcy law, and economical use of the parties' resources. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir.1993), *cert. dismissed,* —— U.S. ——, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994); *In re Balsam,* 185 B.R. 54, 57 (E.D.Mo.1995); *In re Keene Corp.,* 182 B.R. 379, 383 (S.D.N.Y.1995). The defendant argues withdrawal is warranted here by his timely demand for a jury trial on the plaintiff's non-core claims.

1. As a result of recent amendments to our local rules, effective October 1, 1995, D.Kan.Rule 706 was renumbered as D.Kan.Rule 83.8.6.

■ The Tenth Circuit has held that jury trials in bankruptcy proceedings must take place in a district court sitting in its original jurisdiction in bankruptcy. *In re Kaiser Steel Corp.,* 911 F.2d 380, 392 (10th Cir.1990). A party's right to a jury trial first depends on whether a claim has been filed. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989). The parties agree the defendant here has not filed a claim against the bankruptcy estate and thus has not submitted himself to the bankruptcy court's equitable powers and has not waived his right to a jury trial. *See Langenkamp v. Culp,* 498 U.S. 42, 44–45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990). In the Tenth Circuit, a party's right to a jury trial, however, is not affected by whether the issue is classified as core or noncore. *In re Kaiser Steel Corp.,* 911 F.2d at 390–91; *In re Concept Clubs, Inc.,* 154 B.R. 581, 585 (D.Utah 1993). Consequently, it does not matter for Seventh Amendment purposes that the plaintiff's claim alleging a preference action is a core proceeding.

Since *Kaiser Steel,* Congress has amended § 157 to provide:

> (e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

As reflected in D.Kan.Rule 83.8.13, in February of 1995, the United States District Court for the District of Kansas designated the bankruptcy court to conduct jury trials "in all bankruptcy cases and proceedings in which a party has a right to trial by jury, where a jury is timely demanded, and the parties have jointly or separately filed a statement of consent to trial before a bankruptcy judge." Instead of filing a statement of consent to trial before the bankruptcy court, the defendant has filed a motion to transfer to the district court on the grounds of his jury demand.[2] Assuming the defendant has a Seventh Amendment right to a jury trial, the bankruptcy court may not conduct the jury trial under *Kaiser Steel* or the recent amendments to § 157 and this court's local rules.

The plaintiff does not challenge the defendant's asserted right to a jury trial. The defendant is plainly entitled to a jury trial on the plaintiff's state law claims for breach of fiduciary duties and negligence. For reasons given later, the court will reserve its determination of a right to a jury trial on the plaintiff's preference action.

■ The plaintiff does take issue with whether the defendant has made a timely demand for a jury trial. The plaintiff couches the argument exclusively on D.Kan.Rule 706(c), which provides that "an original defendant, intervenor, or an added party" must file its motion to transfer to district court "within 20 days after movant has entered appearance or been served with summons or notice." (emphasis added). The plaintiff argues the jury demand was filed on July 19, 1995, more than twenty days after the defendant was served with process.

■ A disjunctive "or" ordinarily means that the conditions stand on equal footing and that compliance with any one condition satisfies the requirement. *See Kiernan v. United States Railroad Retirement Board,* 698 F.2d 1067, 1072 (10th Cir.1983). There is nothing in D.Kan.Rule 706(c) to suggest that its disjunctive framework should be read any differently. Consequently, a motion to transfer is timely if filed within twenty days of **either** the movant entering its appearance or the movant having been served. As reflected in the court record of the adversary proceeding, the defendant did file his demand for jury trial within twenty days of his appearance. The defendant's demand is timely under D.Kan.Rule 706(c).

■ Sufficient cause for withdrawal of reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court. *See In re Orion Pictures Corp.,* 4 F.3d at 1101; *In re CIS*

---

**2.** In his motion to dismiss, the defendant declares that he "does not consent to the Bankruptcy Court's entry of a final order on the noncore claims" and notes that he has demanded a jury trial on all issues. (Dk. 4).

*Corp.*, 172 B.R. 748, 755 (S.D.N.Y.1994); *In re Concept Clubs, Inc.*, 154 B.R. at 583–84. The plaintiff concedes this rule but asks the court to defer withdrawal until the case is ready for trial. The plaintiff points out the bankruptcy court's familiarity with the main bankruptcy case and the related bankruptcy case involving SNS Corporation and argues that this knowledge of the facts would be helpful in handling discovery and ruling upon various pretrial issues in this adversary proceeding. The defendant counters that judicial efficiency is not furthered for the district court must review de novo any dispositive rulings on the non-core claims. In its recommendation, the bankruptcy court reiterated the defendant's point that it would submit only proposed findings and conclusions with the final order on the non-core matters to be entered by the district court.

 Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial. The Second Circuit has observed several circumstances where waiting would be appropriate:

> If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

*In re Orion Pictures Corp.*, 4 F.3d at 1101–02. Another relevant circumstance is how far the litigation has developed. "[A] rule that would require a district court to with-

draw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992). In non-core proceedings, a bankruptcy court may resolve "matters not requiring the 'final order or judgment' reserved to the district court under § 157(c)(1)." *In re Keene Corp.*, 182 B.R. at 385 (citations omitted); *see In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D.Colo.1994) ("The bankruptcy court has authority, even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions." (citations omitted)). Another pertinent circumstance is whether the bankruptcy court is familiar with the facts and issues presented. *In re Kenai Corp.*, 136 B.R. at 61.

This adversary case is still in its preliminary stages without discovery having even commenced. The defendant has filed a motion to dismiss raising issues closely related to the other bankruptcy matters over which the bankruptcy court should be quite familiar.[3] Some of the issues argued by the defendant may be resolved once the plaintiff amends the complaint. Other issues argued by the defendant at some point may have to be addressed in proposed findings and conclusions, but considering the bankruptcy court's familiarity with the proceedings and relevant documents and its knowledge of bankruptcy law, the proposed order likely will materially assist the district court in making a final decision. Discovery on those claims surviving dismissal could prove significant and time consuming, and the bankruptcy court is familiar with the issues. Allowing the pretrial matters of the adversary case to proceed in bankruptcy court discourages fo-

---

**3.** For example, the defendant moves to dismiss count one arguing in part that this claim belongs to SNS Corporation or to its designee under the confirmed plan in that bankruptcy case. To support his position, the defendant cites terms from the plan and the Amended Purchase Agreement, both of which were confirmed by the bankruptcy court. Based on his reading of these documents, the defendant insists the plaintiff is without standing to assert the first claim and is bound by the terms of those documents that the bankruptcy court has approved. The defendant relies on

the same documents and arguments in challenging the plaintiff's standing to bring the preference action in count four. Because count four is a core matter, the bankruptcy court may dispose of it on a dispositive motion subject only to an appeal. The defendant's challenges to the second and third counts, in part, go to the plaintiff's authority as disbursing agent under the debtor's plan of reorganization which is again a matter that the bankruptcy court will have some familiarity.

rum shopping. Finally, the defendant does not show how he would be prejudiced by having the bankruptcy court handle the pre-trial matters and by having the case withdrawn only when it is ready for trial. The interests of judicial efficiency will be promoted by having the bankruptcy judge manage the pretrial proceedings until the case becomes ready for trial.

IT IS THEREFORE ORDERED that at this time the defendant's motion to transfer is denied without prejudice and that the district court will reconsider this order when the parties jointly inform it by written pleading that this adversary case is ready for trial and that issues remain as to which one or both the parties assert a right to trial by jury.