THE COURT THEREFORE CONCLUDES AND IT IS ORDERED:

1. CCC and AMS have mutuality with the debtor for purposes of § 553(a).

2. Cause exists to grant CCC's requested relief from the automatic stay under § 362(d)(1).

3. CCC may effect its offset on behalf of CCC and AMS against the prepetition debt owed by CCC to the debtor and may then pay the net amount to the Trustee. If the parties are unable to agree upon the amounts at issue, either party may move the Court for necessary relief.

SO ORDERED.

**In re John B. NOVAK, Debtor.**

**John B. NOVAK, Plaintiff,**

**v.**

**Donald R. LORENZ and North Shore Refrigeration Co., Inc., Defendants.**

**Nos. 89 C 9171, 88 A 804/88 B 7986.**

United States District Court,
N.D. Illinois, E.D.

June 18, 1990.

## MEMORANDUM OPINION

**BRIAN BARNETT DUFF**, District Judge.

John Novak is presently trying to reorganize his affairs under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq. (1988). In the course of reorganizing, Novak decided to file an adversary complaint against Donald Lorenz and North Shore Refrigeration Co., Inc., for breach of contract and tortious interference with a business relationship. Both defendants timely answered Novak's complaint, but their answers contained crucial differences: Lorenz asked for trial by jury, while North Shore did not.

Nearly a year later, with trial looming, North Shore noticed the discrepancy and sought to cure it by moving the case to this court. It thus presented its jury demand and two motions to the bankruptcy court. In the first motion, North Shore asked this court to abstain in this matter pursuant to 28 U.S.C. § 1334 (1984 Supp.). In the second motion, North Shore sought withdrawal of this court's reference of this matter to the bankruptcy court under *id.*, § 157(d). In response, Novak moved to strike North Shore's jury demand as untimely.

Judge Robert E. Ginsberg denied Novak's motion to strike.[1] Judge Ginsberg noted that Novak's complaint stated claims to which both North Shore and Lorenz had a right to trial by jury. He further concluded that Novak's adversary action, while related to Novak's Chapter 11 reorganization, was not a "core proceeding," as that term appears in 28 U.S.C. § 157(b)(1). Since North Shore and Lorenz had not con-sented to his entering binding orders and judgments in the matter pursuant to *id.*, § 157(c)(2),[2] Judge Ginsberg gave the parties the option of tendering such consent, whereupon he would conduct a jury trial, or else withdrawing the matter to this court, with his blessing.

The parties refused to consent to the Bankruptcy Court's holding trial in this matter, and so the motions for withdrawal of the reference and abstention are before this court.[3] The court concurs in Judge Ginsberg's view that when a party to a non-core proceeding stands on its right to trial by jury, see *Granfinanciera, S.A. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and the parties do not consent to adjudication by the bankruptcy court, it is better for the court to withdraw the reference. Judge Ginsberg stated his reasons for withdrawal in *Matter of Reda, Inc.,* 60 B.R. 178 (Bankr.N.D.Ill. 1986). He observed that when parties fail to consent to be bound by the decision of the bankruptcy court, 28 U.S.C. § 157(c)(1) entitles any party to de novo review of that decision in the district court. This raises the possibility that the parties would have to undergo two jury trials: one in the bankruptcy court, and one before the district court. Such a result, in Judge Ginsberg's view, would be "impractical and make no sense in terms of judicial economy...." *Reda,* 60 B.R. at 182.

There may be more than practical objections to the conduct of jury trials by bankruptcy courts in circumstances like these. In a thorough and persuasive decision, the Eighth Circuit determined in *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990), that the bankruptcy courts lack the power under the present federal bankruptcy framework to hold jury trials in core proceedings, let alone non-core proceedings. This would prevent the

---

1. Judge Ginsberg did so without ruling whether North Shore's demand was timely. Novak has not appealed this ruling to this court.

2. Judge Ginsberg noted that North Shore had admitted in its answer Novak's allegation that the adversary action was core, but he refused to treat this admission as a consent because the parties' pleadings had not complied with the consent provisions of Bankruptcy Rules 7008(a) and 7012(b).

3. Defendant Lorenz joined the motion for withdrawal of the reference on March 1, 1990.

**628**

district courts from referring such matters at all, absent the consent of the parties.

Novak contends that North Shore's demand was untimely, and thus the court should deem North Shore to have consented to both a trial without a jury and trial before the bankruptcy court. Even if this court were to construe North Shore's dilatory conduct in this manner in the way Novak suggests, the court would still withdraw the reference, as Novak has not challenged the timeliness of Lorenz's jury demand. Using Judge Ginsberg's words, it makes no sense in terms of judicial economy for this court to hold a jury trial as to one defendant and for the bankruptcy court to hold a bench trial for the other defendant.

■■■ The court will thus grant North Shore and Lorenz's motion to withdraw the reference of this matter from the bankruptcy court. The court now turns to North Shore's motion for abstention.[4] Section 1334(c) contains mandatory and permissive abstention provisions. The mandatory provision is § 1334(c)(2), which states in part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under [§ 1334], the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This case does not warrant mandatory abstention. While it is uncontested that Novak's claims are under state common law, and are before this court purely by virtue of § 1334, two things are missing from this case for it to require mandatory abstention. First, North Shore did not move for absten-

tion in a timely manner. While few courts have construed the word "timely" in § 1334(c)(2), this court held in construing similar language in § 157(d) that a party acts in a timely fashion when he or she moves as soon as possible after he or she should have learned the grounds for such a motion. See *In re Stavriotis*, 111 B.R. 154 (N.D.Ill.1990). See also *Acolyte Elec. Corp. v. City of New York*, 69 B.R. 155, 177 (Bankr.E.D.N.Y.1986) (motion timely when filed less than two months after filing of adversary complaint); *In re Consulting Actuarial Partners, Ltd. Ptn.*, 72 B.R. 821, 827–28 (Bankr.S.D.N.Y.1987) (motion timely when made promptly after initiation of adversary proceeding).

North Shore did not move for abstention in a timely fashion. Its motion came nearly one year after it answered Novak's complaint, the point at which it should have known that Novak's complaint was not a core proceeding. Even if North Shore had moved for abstention in a timely fashion, however, it has not indicated that parallel state proceedings are underway on Novak's claims, another prerequisite for mandatory abstention under § 1334(c)(2).

■ This leaves permissive abstention, something which is not warranted in this matter. Section 1334(c)(1) provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In view of the parties' proceeding before the bankruptcy court for nearly a year without objection, it would not be in the interest of justice to jettison this matter from the federal system and to have the parties start all over in the Illinois courts. As for the interest of comity with the courts of the State of Illinois or respect for Illinois law, no party has identified any

4. The court does so notwithstanding Bankruptcy Rule 5011(b), which provides in part: "Unless a district judge orders otherwise, a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion." North Shore has given scant rea-

sons why it desires abstention, and thus this court believes that little would be gained by obtaining the bankruptcy court's recommendation for disposition of North Shore's motion. The court will thus decide the matter on its own.

particular aspect of this case which indicates abstention under § 1334(c)(1) is appropriate. See, for example, *In re Gianakas*, 75 B.R. 272, 275 (N.D.Ill.1986) (abstention warranted where state court's expertise on legal matter would be helpful);[5] *In re Pankau*, 65 B.R. 204, 208 n. 6 (Bankr.N.D.Ill.1986) (abstention warranted where there is state court suit in which the state is a party, or a pending judicial proceeding involving important state interests); *In re Williams*, 88 B.R. 187 (Bankr.N.D.Ill.1988) (abstention warranted where same parties and same allegations involved in state court proceeding). The court will retain jurisdiction over this case and try it here.

The court grants North Shore and Lorenz's motion to withdraw the reference of this adversary proceeding to the bankruptcy court. The court denies North Shore's motion for abstention. The clerk of the court will set this case for a status hearing.

**5.** But see also *Matter of Boughton,* 60 B.R. 373, 376–77 (N.D.Ill.1986), where the court suggests that when the state courts are split in three ways over an issue of law, one more view from the federal bench doesn't hurt.