**Connie S. ALLEN, Plaintiff,**

v.

**J.K. HARRIS & CO., LLC, Defendant,**

v.

**Thomas J. Allen, Connie S. Allen, Debtors-in-Possession.**

**No. 05–MC–74.**

United States District Court, E.D. Pennsylvania.

Oct. 12, 2005.

Ann Miller, Ann Miller, LLC, Philadelphia, PA, for Plaintiff.

Christopher Scott D'Angelo, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for Defendant.

## Memorandum and Order

PRATTER, District Judge.

Plaintiff in this putative class action filed a Motion to Remand this case to state court. For the reasons discussed below, the Motion is granted.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from the bankruptcy petition of the named plaintiff in a state court putative class action claim. Connie S. Allen, the named plaintiff in the class action, filed a complaint on behalf of herself "and all others similarly situated" against J.K. Harris & Company, LLC ("J.K. Harris") in the Court of Common Pleas for Philadelphia County on May 18, 2004.[1]

J.K. Harris is a company that markets its services to people who owe federal taxes or have other federal tax problems, allegedly promising that it will "resolve ... outstanding debt to the IRS for a few pennies on the dollar." *Memorandum Supporting Motion to Remand* at 2. In her complaint, Ms. Allen alleges that J.K. Harris is liable for (1) breach of fiduciary duty; (2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and (3) unjust enrichment. Ms. Allen seeks damages and injunctive relief and requests a jury trial of the matter.

On or about February 2, 2005, nearly nine months after filing her complaint in state court, Ms. Allen and her husband[2] filed for bankruptcy protection pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On March 31, 2005, J.K. Harris removed the class action complaint from state court to the bankruptcy court, asserting that removal was proper pursuant to 28 U.S.C. § 1452.[3] After the state court case was removed as an adversary proceeding in the Allens' bankruptcy case, both parties filed motions to withdraw the reference to the bankruptcy court, thereby requesting that the matter be adjudicated in federal district court. (Docket Nos. 1, 3). In their concurrent motions, the parties agreed that if the complaint was properly removed, the case would need to be resolved by the federal district court because the matter requires substantial and material consideration of non-bankruptcy

1. According to Ms. Allen, the state court has already decided several key issues, including a denial of J.K. Harris's preliminary objections and "numerous discovery motions." *Memorandum in Support of Motion to Remand* at 11. Ms. Allen additionally asserts that at the time of removal, briefing on the class certification issues was complete and the class certification hearing was "just days away." *Id.*

2. Mr. Allen is not named as a party on the class action complaint.

3. Section 1452 states that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). In turn, Section 1334 provides that, with certain exceptions, a district court "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334.

law and because a jury trial has been demanded.

On the same day that J.K. Harris filed its Motion to Withdraw the Reference, it also filed a Motion for Partial Summary Judgment in the bankruptcy court, (Docket No. 2), in which it argues that the third count of the Amended Complaint, the claim for unjust enrichment, must be dismissed because a plaintiff may not assert such a claim where the parties' relationship is governed by a contract. Ms. Allen filed her response to the Motion for Partial Summary Judgment on April 12, 2005.[4] (Docket Nos. 8, 11). After considering the propriety of federal jurisdiction over the claims, this Court granted the Motion to Withdraw the Reference on June 1, 2005. (Docket No. 3).

On April 25, 2005, Ms. Allen filed a Motion for Remand (Docket No. 12), in which she argues that (1) pursuant to 28 U.S.C. § 1334(c)(2), the district court must abstain from hearing the case; (2) pursuant to 28 U.S.C. § 1334(c)(1), permissive abstention is appropriate; or (3) the Court should remand the matter to state court pursuant to 28 U.S.C. § 1452(b) on equitable grounds.[5] J.K. Harris filed its opposi-

tion to the Motion to Remand on May 10, 2005, Ms. Allen filed a reply to the opposition on May 23, 2005, and J.K. Harris filed a surreply on June 6, 2005.[6]

With respect to the Motion to Remand, the Court must consider whether (1) abstention is required under the Bankruptcy Code; (2) in the absence of mandatory abstention, whether discretionary abstention is appropriate under these circumstances; and (3) remand to the state court on an equitable basis is appropriate.

## I. Propriety of Abstention

### A. Mandatory Abstention from Adjudicating Ms. Allen's Claim

Ms. Allen first directs the Court's attention to 28 U.S.C. § 1334(c)(2), which states that federal courts "shall abstain" from exercising jurisdiction over a bankruptcy proceeding where a party timely moves for abstention with respect to a proceeding based upon a state law claim that does not arise under a bankruptcy case and could be "timely adjudicated" in the state forum. 28 U.S.C. § 1334(c)(2). The Court notes that there is, however, some significant disagreement among courts as to whether Section 1334(c)(2) applies to removed pro-

4. It appears that the parties have resolved this issue. Both counsel indicate that Ms. Allen has agreed to filed a Second Amended Complaint which would not include the unjust enrichment allegation. *See Memorandum Supporting Motion for Remand* at 10 n. 2; *April 21 Letter from C. D'Angelo* at 2. J.K. Harris interprets Ms. Allen's statement of her intent to file another amended complaint to be a request to file such a complaint in federal court, thereby consenting to federal jurisdiction.

5. Although the motion is titled a "Motion to Remand," it is better considered as a motion to remand and abstain, as Ms. Allen argues that the Court should abstain from hearing the case and remand it to the state court.

6. There were additional filings in the adversary proceeding at the bankruptcy level that

peripherally will affect the proceedings in district court, and comprise part of the facts upon which J.K. Harris argues that Ms. Allen has waived her right to seek abstention of the matter. For example, on April 26, 2005, Ms. Allen served a Notice of Deposition to Steven H. Kassel, a witness who, it is asserted, will provide testimony as to whether the case should be certified as a class action. *Opposition Memo* at 4. A subpoena was issued by the United States District Court for the Northern District of California and was subsequently served upon Mr. Kassel. *Opposition Memo* at 4. On May 6, 2005, J.K. Harris moved in the bankruptcy court (now in this Court) to quash the subpoena, and Ms. Allen agreed to postpone the deposition until the motion could be decided. *Id.*

ceedings. *See Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 775 (10th Cir. BAP 1997) (noting "substantial disagreement" between the courts); *Shubert v. Roche Holding Ag*, 157 F.Supp.2d 542, 544 n. 2 (E.D.Pa.2001) (same). Thus, the applicability of mandatory abstention will be addressed prior to an analysis of whether the elements for mandatory abstention are present.

### 1. Applicability of Mandatory Abstention

■ A minority of courts have held that abstention cannot apply to a removed case because (1) abstention requires the existence of two actions—one in state and one in federal court; and (2) abstention would result in dismissal, rather than remand, of the case. *See Personette*, 204 B.R. at 773. The Court of Appeals for the Third Circuit has not directly addressed the applicability of Section 1334(c)(2) to removed proceedings. However, the Bankruptcy Court for the Eastern District of Pennsylvania appears to have adopted this minority position. *See Paxton Nat'l Ins. Co. v. British American Assocs. (In re Pacor, Inc.)*, 72 B.R. 927, 931 (Bankr.E.D.Pa.1987).

In *Paxton*, a non-debtor plaintiff filed a declaratory judgment action in state court, and a chapter 11 debtor removed the state court suit to bankruptcy court pursuant to 28 U.S.C. § 1452(a). *Paxton*, 72 B.R. at 928. After attending a pretrial conference and agreeing to scheduling deadlines, and after moving to amend its complaint, the non-debtor plaintiff sought to have the case remanded to the state court. *Id.* Finding that mandatory abstention pursuant to Section 1334(c)(2) did not apply, the *Paxton* court stated that "since this matter was already removed from state court to bankruptcy court, it is not clear that the provision ... requiring that an 'action is commenced ... in a state forum' is estab-

lished; there no longer exists any proceeding pending in state court." *Id.* at 931.

As logical as the foregoing analysis may seem at first blush, the majority of courts, however, disagree with this reasoning, finding that Section 1334(c)(2) sets forth a statutory duty to abstain from hearing a case or proceeding, and that this duty is distinctly defined, contrary to the applicability of the common law abstention standards. *See Personette*, 204 B.R. at 773. The courts in this majority typically first reason that under Section 1334(c)(2), the existence of two proceedings is not required for a court to abstain, but rather that an action be "commenced" in a state forum of appropriate jurisdiction before abstention is mandated. *Id.* Courts finding that abstention may apply to a removed proceeding also reason that because Section 1334(c)(2) itself neither supports nor rejects the supposition that abstention requires a stay or dismissal, a federal court would not be prohibited from remanding a case to state court were it to find abstention necessary. *Id.*

In the present case, neither party has challenged the propriety of applying Section 1334(c)(2) to a removed proceeding. Despite the significant conflict among the courts and in the absence of direction from the Court of Appeals for the Third Circuit, this Court must, in the present context, interpret Section 1334(c)(2) to determine its applicability here.

The Court is not persuaded by the *Paxton* court's reasoning that Section 1334(c)(2) does not apply to a state court case that is removed to federal court. Rather, the Court concludes that the reasoning of the majority position is more sound. Section 1334(c)(2) requires a district court to abstain "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). The statute does

not specifically require that two proceedings be pending. Moreover, courts within the Third Circuit have considered the propriety of mandatory abstention pursuant to Section 1334(c)(2) upon a party's timely motion to remand. *See, e.g., Lomas & Nettleton Co. v. Warren (In re Warren)*, 125 B.R. 128, 130 (E.D.Pa.1991) (remanding proceeding removed from state court to bankruptcy court).[7] Thus, the Court concludes that a claim properly filed in state court, but subsequently removed to bankruptcy court, may properly be subject to mandatory abstention.

### 2. Meeting the Elements of Mandatory Abstention

■ Ms. Allen argues that because all the elements of the test for mandatory abstention have been met, the Court must abstain from adjudicating the action. For mandatory abstention to apply, the party seeking abstention must establish that (1) the motion to abstain was timely; (2) the action is based upon a state law claim or cause of action; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and (6) the matter before the court is non-core. *LaRoche Industries, Inc. v. Orica Nitrogen LLC (In re LaRoche Industries, Inc.)*, 312 B.R. 249, 252–53 (Bankr.D.Del.2004).

The dispute between the parties is based upon state law claims, and there is no dispute that the action was commenced in state court. It is equally clear that absent the impact that this claim might have on the Allens's bankruptcy estate, there is no other basis for federal jurisdiction over the claims.[8] Thus, the second, third and fifth elements of the test for mandatory abstention have been met, and the remaining considerations are whether (1) the matter is considered to be "non-core," (2) whether the motion to abstain was filed in a timely manner, and (3) whether the matter would be more quickly adjudicated in state court.

### a. Whether the Matter is "Non-core"

■ Under the Bankruptcy Code, a proceeding is a "core proceeding" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its

---

7. The Court also notes that although the Bankruptcy Court for the Eastern District of Pennsylvania appears to have adopted the minority position, at least one district court within the Third Circuit appears to agree with the conclusion that Section 1334(c)(2) does not require that two proceedings exist before abstention can apply. *See LJM2 Co–Investment, L.P. v. LJM2 Capital Management, L.P.*, No. 02–1498, 2003 WL 431684, at * 3 (D.Del. Feb. 24, 2003) (remanding case that was properly filed in Delaware Court of Chancery and removed to federal court pursuant to 28 U.S.C. § 1441(a) after plaintiff filed for bankruptcy protection). With respect to the persuasiveness of *Paxton* here, the Court also notes that in *Paxton*, the parties had worked actively with the court in the case by attending a pretrial conference and agreeing to schedule deadlines before moving for abstention. Although in the present case Ms. Allen has taken some steps to move the case forward in federal court, the degree of involvement with the federal court in this case is much less here than it was in *Paxton*.

8. According to the Amended Complaint, which was attached to the Notice of Removal, J.K. Harris is a Pennsylvania corporation that does business throughout the nation, and regularly conducts business in Philadelphia County, Pennsylvania. *Amended Complaint* at ¶ 2. Ms. Allen resides in Ridley Park, Pennsylvania. *Amended Complaint* at ¶ 3. Thus, it does not appear that there is a basis for federal diversity jurisdiction pursuant to 28 U.S.C. § 1334. In her Motion for Remand, Ms. Allen states that both parties agree with this conclusion. *Memorandum in Support of Motion to Remand* at 14. Additionally, all of the claims set forth in the Amended Complaint are grounded in state law, so there is no federal question presented.

nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171 (3d Cir.1996). Proceedings in a bankruptcy case that are not "core proceedings" are those that are "related to," but do not arise from, a bankruptcy case. 28 U.S.C. § 157(c)(1) ("[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11"). A bankruptcy court, on its own motion, may determine whether a proceeding is a non-core proceeding over which it may exercise jurisdiction. 28 U.S.C. § 157(b)(3).

■■■ An adversary proceeding is related to a bankruptcy case if the proceeding "could conceivably have any effect on the estate being administered in bankruptcy such that it is possible that [the] proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate." *Copelin v. Spirco, Inc.*, 182 F.3d 174, 180 (3d Cir.1999) (citations omitted); *see also Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir.1994), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). To be considered a non-core matter, the effect of a proceeding on a bankruptcy estate need not be certain, or even likely. *Copelin*, 182 F.3d at 179. A non-core matter may include a proceeding that is not against the debtor or the debtor's property, as long as the outcome of the proceeding may have some impact on the bankruptcy estate. *Id.; see also Pelullo v. Kerr, Russell & Weber and Gessell (In re Pelullo)*, Nos. 95–22430, 96–2254, 96–303, 1997 WL 535155, at *2 (E.D.Pa. Aug. 15, 1997) (finding federal

jurisdiction over state law cause of action because it was property of debtor's estate and could "conceivably impact" administration of assets).

In this case, to the extent that the claim can be successfully pursued, any proceeds arising from it that would accrue to Ms. Allen [9] would be property of the Allens' bankruptcy estate and would thereby "conceivably have an effect" on the amount of money available for distribution to creditors within the bankruptcy rubric. Neither party appears to assert that the present proceeding is a core proceeding; rather, both parties seem to agree that the matter is non-core. Thus, it appears that the sixth element for mandatory abstention has been met.

### b. Whether the Motion was Timely Filed

The element of timeliness that the Court must consider to determine whether mandatory abstention should apply is a matter subject to the parties' vigorous disagreement. Ms. Allen argues that the motion was timely filed because, pursuant to 28 U.S.C. § 1447(c), it was filed within 30 days from the time that the proceeding was removed from the Philadelphia County Court of Common Pleas. In response, J.K. Harris argues that Section 1447(c) is inapplicable in this case, as that provision "applies only to situations where a plaintiff seeks a remand based upon a *defect* in the removal procedure." *J.K. Harris Surreply in Opposition to Motion to Remand* ("Surreply") at 2. Additionally, J.K. Harris argues that the Allen motion cannot be considered to be "timely filed" because Ms. Allen waived her right to seek abstention by taking certain actions in the bankruptcy court after the case was removed.

9. Potential proceeds payable to other class members would have no effect on the administration of the Allens's bankruptcy estate.

This feature of the instant case is discussed *infra* with respect to the propriety of permissive abstention.

### (1) Applicability of Section 1447(c)

■ Section 1447(c) provides that a motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction" must be made within 30 days after the filing of a notice of removal. 28 U.S.C. § 1447(c). A district court's remand of a case based on its decision to abstain from hearing it does not fall into either category set forth in Section 1447(c). *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). This Court concludes that J.K. Harris is correct with respect to the inapplicability of Section 1447(c). Therefore, the Court must consider whether the motion was timely filed given the circumstances of this case without regard to Section 1447(c).

### (2) Timeliness of Filing and Waiver

■■ The failure to timely move for mandatory abstention may constitute a waiver of the right. *See Grauman v. Smith (In re U.S. Physicians, Inc.)*, Nos. 00–4622, 00–138, 2001 WL 793271 (E.D.Pa. 2001) (mandatory abstention not warranted where motion to abstain was filed after bankruptcy court conducted trial and submitted proposed findings of fact and conclusions of law); *Novak v. Lorenz (In re Novak)*, 116 B.R. 626, 628 (N.D.Ill.1990) (mandatory abstention waived because motion to abstain was filed by defendant one year after it had answered complaint in adversary proceeding). While Section 1334(c)(2) provides that a motion to abstain shall be considered "[u]pon timely motion of a party," it does not set forth what will constitute a "timely" motion. 28 U.S.C. § 1334(c)(2); *see also Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776 (10th Cir. BAP 1997). Neither the Federal nor Local Rules of Bankruptcy Procedure provide any specific guidance as to what constitutes a timely filed motion.

Courts interpreting Section 1334(c)(2) have held that a motion to remand will be considered timely filed if a party "moves as soon as possible after he or she should have learned the grounds for such motion." *Novak*, 116 B.R. at 628. Within the Third Circuit, motions to abstain and/or remand that were filed between 15 and 45 days after the filing of a notice of removal or adversary proceeding have been found to be "timely filed." *See Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42, 50 (Bankr. D.Del.2002) (motion to dismiss asserting mandatory abstention filed 37 days after adversary proceeding was filed held to be timely filed); *Lomas & Nettleton Co. v. Warren (In re Warren)*, 125 B.R. 128, 130 (E.D.Pa.1991) (setting deadline for filing motion to abstain or remand 15 days after application for removal was filed). In this case, Ms. Allen filed her Motion to Remand within 30 days after the Notice of Removal was filed. Thus, unless the circumstances in this case would justify finding a waiver of the right to seek abstention, discussed immediately below, the Court concludes that the Motion to Remand was timely filed.

Despite the temporal promptness of Ms. Allen's Motion, J.K. Harris argues that Ms. Allen waived the right to seek abstention by filing a motion to withdraw the reference to this Court before filing her Motion to Remand, and by using the federal court system (i.e., issuing subpoenas) to arrange for depositions on the day *after* the Motion to Remand was filed.

The case law surrounding waiver of the right to seek mandatory abstention suggests that a motion to withdraw the reference is sometimes filed by a party as an alternative, rather than an independent, submission where remand is either unwanted or inappropriate. *See, e.g., Harley Hotels, Inc. v. Rain's Int'l, Ltd.*, 57 B.R.

773, 774 (M.D.Pa.1985) (non-debtor movant sought abstention as primary remedy, but withdrawal of reference from bankruptcy court as alternative remedy); *Balcor/Morristown Ltd. P'rship v. Vector Whippany Assocs.*, 181 B.R. 781 (D.N.J.1995) (non-debtor mortgagee moved to abstain or remand case to state court and mortgagor cross-moved to withdraw reference and for leave to amend complaint). However, the fact that Ms. Allen filed a motion to withdraw the reference prior to seeking abstention and remand suggests to the Court that the motions were not filed as alternative remedies vis à vis each other. Ms. Allen's issuance of witness subpoenae through the federal court system after filing the Motion to Remand further supports this inference.

It is not, however, unthinkable that a district court would consider a motion for abstention after a motion to withdraw the reference has been granted. For example, there is at least one case in which a motion to withdraw the reference was filed concurrently with a motion to abstain, and the district court granted the former before considering the latter motion. *See, e.g., Novak v. Lorenz (In re Novak)*, 116 B.R. 626, 627–28 (N.D.Ill.1990). In *Novak*, a chapter 11 debtor brought an adversary proceeding against two defendants, alleging breach of contract and tortious interference with contract. *Novak*, 116 B.R. at 627. The defendants each timely filed an answer to the complaint. Nearly one year later, after realizing that one of the defendants had demanded a jury trial in the matter, the defendant that had not initially requested a jury trial filed a jury demand and also filed two motions with the bankruptcy court. The first motion sought to have the court abstain from hearing the proceeding, and the second sought withdrawal of the reference to the bankruptcy court to allow the federal court to conduct a jury trial. *Id.* at 627.

After concluding that the defendants had a right to a jury trial with respect to the issues presented, the bankruptcy court proposed that it would either, upon the parties' consent, conduct a jury trial, or in the absence of such consent, allow the matter to be withdrawn to the district court. *Id.* The parties would not consent to a jury trial before the bankruptcy court, and the district court withdrew the reference. The district court did, however, decline to abstain from hearing the matter, concluding that the defendants' request for abstention, coming nearly one year after the adversary proceeding was filed and after an answer had been filed, was not timely.

*Novak* suggests that the Court should consider the specific timing of Ms. Allen's actions in the context of both the bankruptcy and state court cases, and attempt to assess fully the true motivations underlying the actions Ms. Allen has taken in each case. To be sure, the instant case presents some important distinctions from *Novak*. For example, the present suit was not originally filed as an adversary proceeding, but rather was filed in state court some eight months prior to its removal to the bankruptcy court, and it appears that a significant amount of discovery had proceeded in state court prior to the removal of the action to bankruptcy court.[10] Additionally, the motion for remand in this case was filed within 30 days after the case was removed from state court, rather than one year later, as in *Novak* and before any significant actions had taken place in the

---

10. This is not to suggest that removal was untimely. It was prompted by the Allens's chapter 13 filing and was accomplished within 57 days of that filing and 27 days after J.K. Harris learned of the filing.

adversary case.[11] Therefore, the Court concludes that the motion in this case was not filed in an untimely manner, and the fifth prong of the test for mandatory abstention has been met.

### c. Timeliness of Adjudication in State Court

■ To meet this requirement for mandatory abstention, Ms. Allen argues that the state court will be able to dispose of the matter more quickly than it could be addressed here in federal court. *See, e.g., Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42, 51 (Bankr.D.Del.2002) (finding that state court complaint filed on same day as complaint in bankruptcy court would be afforded timely adjudication because the state court would be "at least as far along in the proceeding" as the bankruptcy court); *Asousa Partnership v. Pinnacle Foods, Inc. (In re Asousa Partnership)*, 264 B.R. 376, 389 (Bankr.E.D.Pa.2001) (noting that burden of proving ability of state court to timely adjudicate on party moving for remand).

In her Motion for Remand, Ms. Allen asserts that the state court has considered and ruled upon "numerous discovery motions," and that at the time of removal "briefing on the class certification issues was complete and the class certification hearing was just days away." *Memorandum in Support of Motion for Remand* at 11. At oral argument, counsel for Ms. Allen argued that because the state court has, in the past, very efficiently handled other class action cases and that although some "squabbling" over discovery deadlines had taken place, counsel had "a suspicion that had [the court] certified a class, we wouldn't have had years and years to wait" before the case was placed on the court's trial docket. *Oral Arg. Trans.* at 20:9–13. Counsel further argued that in the state court case, the parties had already arranged for depositions of certain parties and had class certification issues "teed up and all ready to go." *Oral Arg. Trans.* at 20:21–24. In contrast, counsel for J.K. Harris argued that because of a rush of class action cases filed in the state court in advance of the effective date for the Class Action Fairness Act of 2005, it would be "pure conjecture" to assert that the case would go to trial in state court any time soon. *Oral Arg. Trans.* at 29:6.

After considering the oral representations of both counsel, and in light of the fact that Ms. Allen has not produced any evidence, such as a Scheduling Order setting forth a date for hearing on the class certification and a proposed trial date, the Court is not persuaded that it is so clear that the matter would be adjudicated in state court with greater alacrity than it would in this Court. The Court acknowledges that if it were to retain jurisdiction over this case there could be some duplication on the parties. However, the case in state court appears not to have completed the discovery phase.[12] Given the relatively early stage of the litigation and in light of

---

**11.** An additional feature relating to the timeliness issue here is the fact that Ms. Allen sought to have the case removed to federal court from bankruptcy court some 18 days *prior* to seeking mandatory abstention and remand of the case. However, the Court observes, and counsel for Ms. Allen confirmed at oral argument, that this sequence of filing occurred because Ms. Allen demanded a jury trial in the matter, and upon removal of the case to the bankruptcy court, immediately recognized that a jury trial could not be held in bankruptcy court. *Oral Arg. Trans.*, 5:21–25; 6:1–2. Thus, the time span within which the two motions were filed has been adequately explained.

**12.** In fact, at oral argument counsel for Ms. Allen acknowledged that depositions remain to be taken in the case. *Oral Arg. Trans.* at 20:20–25. Previously completed discovery could certainly be efficacious in federal court.

the fact that no class certification hearing had yet occurred in the state court, the Court concludes that the "timely adjudication" prong of the mandatory abstention test has not been met. Thus, abstention is not mandated in this case.

## B. Permissive Abstention

As an alternative to mandatory abstention, Ms. Allen urges the Court apply its discretion and permissively abstain from hearing the case pursuant to 28 U.S.C. § 1334(c)(1). After considering the circumstances in this case in light of case law discussing permissive abstention, the Court concludes that it is appropriate to exercise that discretion here.

 Section 1334(c)(1) states that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding ... related to a case under title 11." The decision to abstain pursuant to Section 1334(c)(1) is within the discretion of the court. *Asousa P'ship v. Pinnacle Foods, Inc. (In re Asousa P'ship)*, 264 B.R. 376, 391 (Bankr. E.D.Pa.2001) (citing *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir.1993), *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071 (9th Cir. 1991)).

 In assessing whether to exercise discretionary abstention, courts consider the following factors: (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of

relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties. *Great American Ins. Co. v. Mobile Tool Int'l, Inc. (In re Mobile Tool Int'l)*, 320 B.R. 552, 556–57 (Bankr.D.Del.2005).

### 1. Efficient Administration of the Estate

Bankruptcy courts have held that where the outcome of a case may affect the entire bankruptcy case, permissive abstention is not proper. *Compare Great American Ins. Co.*, 320 B.R. at 557 (finding that decision on extent of insurance coverage of debtor for personal injury claims affected entire bankruptcy estate and weighed strongly against abstention) *with Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42, 52 (finding that permissive abstention was favored where declaratory judgment action with respect to whether debtor had cognizable claim against defendant presented "weak nexus" between state court proceeding and main bankruptcy case). In this case, Ms. Allen's claim against J.K. Harris appears unlikely to have a significant impact on the efficient administration of the bankruptcy estate. Without question, Ms. Allen's claim is an asset that belongs to the estate, and the Court must, to the extent possible, assess the value of the claim to ascertain its value to creditors, the impact

of which is discussed below.[13] However, aside from the value of the claim, there does not appear to be any issue within the state court litigation that would have an impact on creditors and their interest in the estate. Thus, this factor does not foreclose the exercise of permissive abstention.

### 2. Domination of State Law Issues

The assertion of only state law claims in a complaint suggests that permissive abstention would be appropriate. *See, e.g., Lomas & Nettleton Co.*, 125 B.R. at 132 (finding permissive abstention appropriate where matter was solely based on state law). All of the claims that Ms. Allen (and the putative class members) assert in this case are state law claims. Moreover, as discussed in more detail below, the potential for non-debtor parties as additional plaintiffs suggests that this matter may likely be better addressed by the state court. Thus, this factor weighs in favor of permissive abstention.

### 3. Difficult or Unsettled Nature of State Law

The state law action includes claims for breach of fiduciary duty, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and unjust enrichment. In addition, Ms. Allen is seeking class status for other similarly situated plaintiffs. None of these claims appear to present unique or unusual issues of law that are difficult or unsettled in Pennsylva-

nia. This factor is therefore somewhat neutral to the issue of permissive abstention.

### 4. Related Proceeding Already Commenced in State Court

Ms. Allen's state court proceeding was filed in the Philadelphia County Court of Common Pleas in May, 2004—approximately nine months prior to the Allens' bankruptcy filing. Because the state court action had not only been commenced, but had proceeded for nearly nine months prior to removal, this factor weighs in favor of permissive abstention.

### 5. Jurisdictional Basis other than 28 U.S.C. § 1334

According to the Amended Complaint, which was attached to the Notice of Removal, J.K. Harris is a Pennsylvania corporation that does business throughout the nation, and regularly conducts business in Philadelphia County. *Amended Complaint* at ¶ 2. Ms. Allen resides in Ridley Park, Pennsylvania. *Amended Complaint* at ¶ 3. There is, therefore, no basis for federal diversity jurisdiction. Because there are no federal claims involved in the case, there is no basis for federal question jurisdiction. Thus, there is no jurisdictional basis other than under 28 U.S.C. § 1334, and this factor weighs in favor of permissive abstention.[14]

**13.** At oral argument, counsel could not agree on the expected value of the claim. While counsel for J.K. Harris estimated that it might be as much as $12,000, counsel for Ms. Allen suggested that the amount of the claim was $2,600, which would expand to $9,000 after trebling allowed by statute. *Oral Arg. Trans.* at 38:3–7; 40:2–11. At the request of the Court, Plaintiff subsequently submitted copies of the bankruptcy schedules and conveyed that bankruptcy counsel's estimate of the value of the estate is approximately $20,500. *Letter from A. Miller dated July 14, 2005.* Thus, the estimated claim, if fully and suc-

cessfully adjudicated, would increase the estate by almost 50%.

**14.** The Court observes that J.K. Harris did not cite 28 U.S.C. § 1453, the Class Action Fairness Act of 2005, as a basis for removal. This absence is presumably because the Act does not apply to class action cases filed before February 18, 2005, which is nearly one year after Ms. Allen's complaint was filed in state court. *See* Class Action Fairness Act of 2005, 119 Stat 4 (2005) at § 9.

### 6. Relatedness or Remoteness to Main Bankruptcy Case

The claim in this case was filed by Ms. Allen and is related to alleged fraudulent activities with respect to the Internal Revenue Service's Offer in Compromise program. The claim is a property interest of Ms. Allen that, as a result of the bankruptcy filing, also becomes an interest of the bankruptcy estate. For both, there is an interest in maximizing the amount of the claim. Although the claim is substantively remote from the main bankruptcy case, if the claim is sizable in relation to the size of the bankruptcy estate, it may be of some importance to creditors.

As was discussed *supra* at footnote 13, the value of the claim, if successfully and fully adjudicated, could potentially represent 50% of the bankruptcy estate. Because this is a potentially significant impact, the Court concludes that its relatedness to the bankruptcy case could weigh against permissive abstention.

### 7. Substance, Rather than Form, of Core Proceeding

As discussed above, the substantive claims underlying this proceeding do not "arise from" the bankruptcy case, but rather are merely related to it. Thus, this factor weighs in favor of permissive abstention.

### 8. Feasibility of Severing State Law Claims

The complaint contains only state law claims and the process of litigating those claims has already begun in state court. Thus, there are no state law claims which could be severed—all of the claims could proceed in the state court if it is remanded.

### 9. Burden on the Court's Docket

If not remanded, this case would not create scheduling difficulties for either the parties or the Court. Based on the assertions of the parties that the state court was proceeding with discovery matters, it does not appear that the state court would be unduly burdened were remand of the case to occur. Thus, this is a neutral factor in the permissive abstention analysis.

### 10. Forum Shopping

Ms. Allen argues that J.K. Harris was motivated to "slow down the progress of this action in state court" and therefore removed the matter to the bankruptcy court. Ms. Allen further asserts that J.K. Harris filed its removal notice "just days before depositions of its corporate designee and the testimony of its founder, J.K. Harris, would have gone forward," thereby raising a suspicion of forum shopping. *Memorandum Supporting Motion for Remand* at 15.

J.K. Harris removed the case on March 31, 2005, 27 days after learning of Ms. Allen's February 2, 2005 bankruptcy filing during her deposition. The Court concludes that the removal was not unreasonably delayed. Moreover, based on the timeliness of the actions of both parties, the Court does not believe that either party is actively attempting to delay adjudication of the case. Thus, it does not appear that forum shopping is a significant issue, and is a neutral factor with respect to permissive abstention.

### 11. Right to a Jury Trial

Ms. Allen demanded a jury trial in the state court action. However, because the reference to the bankruptcy court has been withdrawn in this case, plaintiffs could be afforded a jury trial in either state or federal court. Thus, this is a neutral factor with respect to permissive abstention.

### 12. Presence of Non-debtor Parties

The fact that the claim removed from state court is a putative class action claim

has not been addressed by the parties, nor have the parties made arguments with respect to the potential propriety of Ms. Allen as a lead plaintiff where her own personal interest in the claim has been subsumed by a bankruptcy estate and any adjudication or potential settlement will be monitored by the bankruptcy court with an eye toward maximizing returns for creditors. Both of these potential issues suggest, however, that the presence of non-debtor parties warrants some consideration by the Court.

 The Bankruptcy Code authorizes class action claims within a bankruptcy case when certain criteria are met concerning the nature of the claims and the number of class members. *Porter v. Nationscredit Consumer Discount Co. (In re Porter)*, 295 B.R. 529, 538 (Bankr.E.D.Pa. 2003). However, where the class of plaintiffs is such that the other plaintiffs are non-debtor parties, the likelihood that these claims are properly within the scope of bankruptcy court jurisdiction is questionable. *Porter*, 295 B.R. at 541. This is true particularly where the disposition of the claims of other class members could have no conceivable effect upon the pending bankruptcy case. *Id.* at 540–41.

In this case, the claims of the other putative class members would not conceivably have an impact on the Allens's bankruptcy estate. As a result, the claims do not appear to be sufficiently related to the bankruptcy estate, and there would likely be no federal jurisdiction over these claims. Therefore, this factor weighs, and heavily so, in favor of permissive abstention.

## 13. Permissive Abstention is Appropriate in This Case

After considering each of the above dozen factors, the Court concludes that permissive abstention would be appropriate in this case. Although the possibly significant value of the claim (if the claim were to be 100% successful) to the bankruptcy estate is a clear concern, the absence of any other basis for exercise of federal jurisdiction over the claim, the domination of state law issues in the complaint, the existence of a pending proceeding in state court, and the presence of potentially many other non-debtor class members sufficiently outweighs this concern, such that permissive abstention is appropriate here. For these reasons, the Court will, in the interests of justice, remand the case to the Philadelphia County Court of Common Pleas.[15]

## CONCLUSION

As discussed above, the Court concludes that abstention is not mandated in this case. However, the facts and circumstances presented weigh in favor of the Court's exercise of its discretion to abstain pursuant to 28 U.S.C. § 1452(b). An appropriate Order follows.

## *ORDER*

**AND NOW**, this 12th day of October, 2005, upon consideration of the Plaintiff's Motion to Remand the Case to Pennsylvania State Court,[16] the Defendant's response thereto, and after oral argument on the matter, it is hereby **ORDERED** that the Plaintiffs' Motion to Remand is

---

**15.** Ms. Allen also argues that if the Court finds that neither mandatory nor permissive abstention applies in this case, the Court should remand the case on equitable grounds pursuant to 28 U.S.C. § 1452(b). However, because the Court concludes that permissive abstention is appropriate in this case, this argument need not be addressed at this time.

**16.** The motion and response thereto were filed in Bankruptcy Adversary Proceeding No. 05–00191 prior to the withdrawal of the reference to this Court.

**GRANTED.** The case shall be remanded to the Court of Common Pleas of Philadelphia County.